This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**REBECCA MARTINEZ,**

Plaintiff-Appellant,

v.                                                         **No. 35,228**

**SOUTHWEST CHEESE COMPANY, LLC,**

Defendant-Appellee,

**APPEAL FROM THE DISTRICT COURT OF ROOSEVELT COUNTY**
**Donna J. Mowrer, District Judge**

Eric D. Dixon Attorney at Law, P.A.
Eric D. Dixon
Portales, NM

for Appellant

Sommer, Udall, Sutin, Hardwick & Hyatt, P.A.
Jack N. Hardwick
Santa Fe, NM

Morgan, Lewis & Bockius, LLP
Ann Marie Arcadi
Justin Roel Chapa
Dallas, TX

for Appellee

**MEMORANDUM OPINION**

**VIGIL, Judge.**

{1}    Plaintiff Rebecca Martinez is appealing from a district court order granting Defendant Southwest Cheese Company's motion for judgment on the pleadings. [8 RP 1936]  We issued a calendar notice proposing to affirm. Plaintiff has responded with a memorandum in opposition [Ct. App. File] and Defendant has filed a memorandum in support. We affirm.

{2}    We review de novo the district court's decision to grant Defendant's Rule 1-012(C) NMRA motion. *See Delfino v. Griffo*, 2011-NMSC-015, ¶ 9, 150 N.M. 97, 257 P.3d 917. We accept all well-pleaded factual allegations in the complaint as true and resolve all doubts in favor of sufficiency of the complaint. *See Vill. of Angel Fire v. Bd. of Cnty. Comm'rs of Colfax Cnty*., 2010-NMCA-038, ¶ 5, 148 N.M. 804, 242 P.3d 371.

{3}    As the district court observed, this case was remanded to state court after a federal court resolved most of Plaintiff's claims against Defendant, leaving to be resolved Defendant's claim for intentional infliction of emotional distress and negligent supervision. [8 RP 1936-37] These claims were based on a September 2008 incident involving Defendant's employee, Donnie Romero. [8 RP 1937] Accordingly, we conclude the district court properly granted the motion to dismiss because

Plaintiff's May 2012 complaint was filed beyond the three-year statute of limitations period for bringing these claims. [8 RP 1937] *See* NMSA 1978, § 37-1-8 (1976). To the extent that Plaintiff is arguing that there were continuing violations that extended into the limitations period, the federal court had already ruled that no reasonable jury could find in Plaintiff's favor on her factual claims, and the remaining claims were limited to the 2008 conduct. [MIS 2, 4-5; 8 RP 1937] As such, the district court was not in a position to re-visit these matters. *See generally Deflon v. Sawyers*, 2006-NMSC-025, ¶¶ 13-15, 139 N.M. 637, 137 P.3d 577 (discussing collateral estoppel as applied to state court proceedings after a federal court has addressed issues).

{4}    Finally, as indicated, Plaintiff's primary claims involved conduct beyond the limitations period. [1 RP 3-5] Any remaining allegations [1 RP 5-6] did not rise to the level of satisfying either an intentional or negligent infliction of emotional distress claim. *See generally Padwa v. Hadley*, 1999-NMCA-067, ¶ 10, 127 N.M. 416, 981 P.2d 1234 (noting that an intentional emotional distress claim must involve extreme and outrageous conduct); *See Flores v. Baca*, 1994-NMSC-021, ¶¶ 11, 23, 117 N.M. 306, 871 P.2d 962 (noting that New Mexico has only recognized negligent infliction of emotional distress claims in bystander liability cases, and that even if they could arise from a contractual relationship, there is a severity requirement).

{5}  For the reasons discussed above, we affirm.

{6}  **IT IS SO ORDERED.**

_____

**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____

**TIMOTHY L. GARCIA, Judge**

_____

**M. MONICA ZAMORA, Judge**